(25 Misc. Rep. 260.)

## In re McNAMEE.

(Surrogate's Court, New York County.   November, 1898.)

1. WILLS—CONTEST—EXPENSES—TEMPORARY ADMINISTRATION.
   Expenses incurred in taking testimony on a contest of a will are not expenses of the administration of an estate by a temporary administrator proper for him to pay from the funds of the estate.

2. SAME—COUNSEL FEES—APPLICATION TO PAY.
   A temporary administrator's application for leave to pay counsel fees from the funds of the estate for services rendered on contest of a will will be denied where the application does not contain full details of the services and show that they were necessary.

3. SAME—OBJECTIONS.
   An application by a special administrator for leave to pay counsel fees from the funds of the estate must be made by him personally, on notice to all parties who appeared in the probate proceedings, and any order permitting such payment must be subject to objection as to the reasonableness of the charge and necessity of the services, which may be taken on the settlement of the administrator's account.

Application of Charles McNamee, temporary administrator, for leave to pay a certain claim against the estate of Georgiana P. Marcellin, deceased.   Denied.

Abram I. Elkus, for temporary administrator.

ARNOLD, S.   Application is here made for an order directing the temporary administrator of this estate to make a payment therefrom of $100 to defray certain expenses of a commissioner appointed to take the testimony of subscribing witnesses to the will, the probate of which is contested, and also to make a payment of $500 to the attorney of the administrator for services rendered to him. With respect to the first branch of the application, there is no authority for the order asked for.   Expenses incurred in obtaining the testimony of witnesses upon the contest over the will are not expenses of the administration of the petitioner's trust.   Code Civ. Proc. § 2672.   And see In re Fricke, 4 Civ. Proc. R. 177.   Such expenses must be paid by the parties to the controversy, and any allowance therefor must be made upon the taxation of costs of the proceeding.   With respect to payments for counsel fees, full details of the character of the services claimed to have been rendered, and showing the necessity therefor, must be presented.   The practice in such cases, which has been followed in this court, is laid down in Stokes v. Dale, 1 Dem. Sur. 260.   Any payment made by the temporary administrator to counsel must be subject to any objection as to the reasonableness or necessity thereof which may be taken upon the settlement of his account, and a provision to that effect must be embraced in any order permitting the withdrawal of funds of the estate for the purpose of making such payment.   Any application for a payment from or withdrawal of funds of the estate should be made by him personally, and the petition be verified by him.   Notice of such application must be given to the attorneys for proponent and all other parties who have appeared in the probate

proceedings.   Upon the papers submitted, the application must be denied.

Application denied.